IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

2025 AUG 19 AM 8:56

LESLIE HENRY,
Plaintiff,

V.                                          Civil Action No: 9:25-cv-11200-BHH-MHC

MARINE CORPS COMMUNITY SERVICES (MCCS),
JACK SNYDER (Director),
STEPHEN KIRKPATRICK (Deputy Director),
SUZANNE GREGORY (Deputy HR Director),
Defendants.

# COMPLAINT FOR WRONGFUL TERMINATION, DEFAMATION, CIVIL RIGHTS VIOLATIONS, AND EMOTIONAL DISTRESS

Plaintiff Leslie Henry, appearing pro se, states the following:

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. § 1331 (federal question), § 1343 (civil rights), and 42 U.S.C. § 1983.

2. Venue is proper in this district under 28 U.S.C. § 1391 because the events occurred at MCRD Parris Island in Beaufort County, South Carolina.

## II. PARTIES

3. Plaintiff Leslie Henry is an adult resident of Beaufort County, South Carolina, and a former MCCS Tractor Operator with 11 years of honorable U.S. Marine Corps service and no prior disciplinary history.

4. Defendant Marine Corps Community Services (MCCS) is a civilian federal entity operating on MCRD Parris Island responsible for employment operations and decisions.

5. Defendants Jack Snyder, Stephen Kirkpatrick, and Suzanne Gregory held positions of authority and were directly responsible for decisions regarding Plaintiff's employment, discipline, and termination.

### III. FACTUAL BACKGROUND

6. On April 23, 2025, Plaintiff purchased a pair of Beats Fit earplugs from the Marine Corps Exchange (MCX) at approximately 9:00 AM.

7. After discovering the item was defective, Plaintiff returned the product at approximately 12:00 PM that same day. The return was properly scanned, marked "damaged/defective," and processed by store staff.

8. On April 25, 2025, Plaintiff was summoned by the Provost Marshal's Office. No law enforcement officer was present—only a store security official.

9. Plaintiff was asked to write a statement but was not read his Miranda rights beforehand. The term "larceny" was added to the statement afterward, and only then were Miranda rights read.

10. On April 29, 2025, Plaintiff was placed on unpaid suspension and later issued a citation for theft under 18 U.S.C. § 641, despite no arrest, no criminal charges filed, and no wrongdoing proven.

11. On May 30, 2025, Plaintiff was terminated from employment without a hearing, access to legal counsel, or the opportunity to grieve or appeal the decision.

12. MCCS staff claimed that Executive Order 14251 prohibited union representation; however, this Executive Order had been blocked by federal injunction on April 25, 2025, and should not have been used as justification.

13. Plaintiff's termination letter included a new accusation related to a serial number mismatch — an allegation that had never been raised during the return, suspension, or previous discussions.

14. Plaintiff, a decorated Marine Corps veteran with no history of misconduct, was not provided due process and was denied access to union grievance procedures.

15. The actions taken by Defendants were excessive, retaliatory, and unsupported by evidence.

16. Plaintiff suffered serious mental and emotional harm, financial loss, damage to his personal and professional reputation, and ongoing anxiety and stress.

### IV. CLAIMS FOR RELIEF

Count I – Wrongful Termination
17. Plaintiff was terminated without due process or valid cause, in violation of federal employment protections.

**Count II – Defamation**
18. Defendants circulated false accusations of theft and misconduct that damaged Plaintiff's name and reputation.

**Count III – Civil Rights Violations (42 U.S.C. § 1983)**
19. Defendants, under color of law, deprived Plaintiff of access to due process, grievance procedures, and union protection.

**Count IV – Intentional Infliction of Emotional Distress**
20. Defendants' actions caused Plaintiff severe emotional and psychological harm, including sleeplessness, stress, and humiliation.

## V. DAMAGES REQUESTED

21. Plaintiff respectfully requests the following relief from the Court:

- Reinstatement to his prior position or full compensation for lost wages and benefits;

- $250,000 in compensatory damages for mental distress and suffering;

- $500,000 in punitive damages for intentional misconduct and abuse of power;

- Removal and expungement of false employment records and accusations;

- Court filing costs and any further relief the Court deems proper and just.

## VI. JURY DEMAND

22. Plaintiff requests a trial by jury on all issues so triable.

Respectfully submitted,
Dated: July 17, 2025

Leslie Henry
5916 Pleasant Farm Dr
Beaufort, SC 29906
Email: Henryleslie984@gmail.com

Pro Se Plaintiff